UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NURIT ZEEVI**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF STATE**,<br><br>Defendant. | Case No. 1:25-cv-03854 (TNM) |

**MEMORANDUM ORDER**

Some months ago, the Court dismissed Plaintiff Nurit Zeevi from this lawsuit that seeks to vindicate her daughter's purported U.S. citizenship. Back then, the original Complaint had not alleged any injuries specific to Zeevi and thus had failed to establish her standing to sue. Now, Zeevi moves to amend the Complaint by adding allegations of how she has suffered various harms due to the U.S. State Department's denial of her daughter's citizenship. Because the amendments meet Rule 15's lenient demands, the Court grants Zeevi's motion.

**I.**

Zeevi launched this suit to contest the State Department's "unlawful denial of U.S. citizenship" to M.Z., her young daughter. Compl., ECF No. 1, ¶ 1. In the original Complaint, Zeevi advanced claims under the Administrative Procedure Act and the Fifth Amendment both for herself and on M.Z.'s behalf. *Id.* ¶¶ 25–35. The Department moved to dismiss, asserting that Zeevi had not established standing to sue and that M.Z. had not stated a viable APA claim. Mot. Dismiss, ECF No. 10, at 11–18.

The Court granted the Department's motion as to Zeevi's standing but not the APA merits. *Zeevi v. Dep't of State*, --- F. Supp. 3d ---, 2026 WL 1224035, at *8 (D.D.C. May 5, 2026). As the Court ruled, Zeevi had failed to "allege an injury specific to her"; "[t]he only injury that the Complaint mention[ed] [wa]s the denial of M.Z.'s application for a [Consular Report of Birth Abroad] and U.S. passport." *Id.* at *3. The Court also rejected Zeevi's effort "to bridge the factual gap in her opposition to the State Department's motion to dismiss." *Id.* In the Court's eyes, Zeevi's new injury allegations were "misplaced" in light of "well settled law that a plaintiff cannot amend his or her complaint by the briefs in opposition to a motion to dismiss." *Id.* (cleaned up). Because the original Complaint had not shown Zeevi's standing, the Court dismissed her claims without prejudice. *Id.* Meanwhile, the Court held that M.Z.'s APA claim survived. *Id.* at *8.

Zeevi now moves to amend the Complaint, mainly to "add factual allegations establishing [her] independent Article III standing." Mot. Amend, ECF No. 16, at 1–2; *see* Proposed Am. Compl., ECF No. 16-1, ¶¶ 10–16. That motion is ripe for the Court's decision.

**II.**

Outside of amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 encourages courts to "freely give leave [to amend] when justice so requires." *Id.*; *see also Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1136–37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments." (footnote omitted)). The Court presumes that a plaintiff may amend her complaint "[i]n the absence of any apparent or declared [countervailing] reason—such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is futile "if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). To overcome a motion to dismiss under Rule 12(b)(1), the plaintiff must establish subject-matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015); Fed. R. Civ. P. 12(b)(1). "While the Court accepts factual allegations in the complaint as true, those allegations will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Schilling v. Pelosi*, 633 F. Supp. 3d 272, 274–75 (D.D.C. 2022) (cleaned up), *aff'd sub nom.*, *Schilling v. U.S. House of Reps.*, 102 F.4th 503 (D.C. Cir. 2024).

**III.**

Zeevi moves to amend in response to the Court's dismissal of her claims for lack of standing. Her effort to supplement her own injury allegations satisfies Rule 15's standard.

To have Article III standing, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). The injury must be "concrete and particularized," which means that it "must affect the plaintiff in a personal and individual way." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 & n.1 (1992). Standing is "an indispensable part of the plaintiff's case," so "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Id.* at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ." *Id.* Still, those

allegations cannot be mere "labels and conclusions" or "naked assertions devoid of further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Zeevi's proposed amendments allege that the denial of her daughter's U.S. citizenship has harmed her in two ways: "(1) [Zeevi] has been directly and personally discriminated against on the basis of gender and marital status and (2) she personally bears the direct and recurring economic and practical consequences of that determination." Proposed Am. Compl. ¶ 10. On the first front, Zeevi pleads that "as an unwed mother subjected to a more burdensome presence requirement than an unwed father or a married couple, with identical U.S. residence, she has been directly and personally discriminated against on the basis of gender and marital status." *Id.* ¶ 11. She contends that "[t]his is not a technical or abstract legal distinction": As an unwed mother, she belongs to "the only group effectively forced to restrict personal and professional travel to preserve the ability to transmit U.S. citizenship to their children, directly interfering with their liberty, freedom of movement, family life, and career opportunities in violation of the equal protection and due process guarantees of the Fifth Amendment." *Id.*

On the second front, Zeevi asserts that the Department's "refusal to recognize M.Z. as a U.S. citizen inflicts concrete dignitary, legal, family-status, economic, and personal harm directly on [Zeevi]." *Id.* ¶ 13. She puts forward a bevy of "ongoing and concrete injuries"—including "Costs and Burdens of Obtaining Visa Documentation for M.Z.," "Deterrence from moving back to the United States," "Exclusion from Emergency Evacuation and Forced Separation Risk," "Forced Reduction in Travel to the United States and Impairment of Family and Professional Ties," "Recurring Physical and Psychological Harm at U.S. Ports of Entry," and "Loss of Federal Tax and Social Security Benefits." *Id.* ¶ 15.

To expand on just one example, Zeevi alleges that M.Z.'s lack of U.S. citizenship made it considerably more difficult for them to evacuate Israel. *Id.* After the March 2026 "outbreak of hostilities with Iran, the U.S. embassy reached out to U.S. citizens living in Israel, including Ms. Zeevi, and offered evacuation for citizens to Europe." *Id.* "However, because M.Z. is not recognized as a U.S. citizen, M.Z. was initially excluded from the evacuation authorization." *Id.* According to Zeevi, despite her own "status as a recognized U.S. citizen with prepaid tickets, priority access was given to other parents traveling with U.S. citizen children, and Ms. Zeevi — rather than being allowed to board immediately with her daughter — was compelled to navigate significant bureaucratic obstacles to secure a place on the flight for M.Z." *Id.*

All told, the Court holds that the amendments meet Rule 15's "liberal standard." *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). Most importantly, the amendments are not futile. *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d at 218. For the purposes of her motion to amend, Zeevi's supplemental standing allegations adequately allege "(i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the [Department's denial of M.Z.'s U.S. citizenship], and (iii) that the injury likely would be redressed by the requested judicial relief." *See All. for Hippocratic Med.*, 602 U.S. at 380. That holds true both for the discriminatory harms and the economic and other practical injuries Zeevi alleges. *See Heckler v. Mathews*, 465 U.S. 728, 739–40 (1984) (recognizing that "the right to equal treatment guaranteed by the Constitution is not co-extensive with any substantive rights to the benefits denied the party discriminated against" and emphasizing that "discrimination itself . . . can cause serious non-economic injuries to those persons who are personally denied equal treatment solely because of their membership in a disfavored group" (cleaned up)); *Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87, 96 (D.D.C. 2024)

(holding that plaintiffs "plausibly allege[d] that delay in processing their [visa] applications ha[d] caused cognizable downstream harms," including "anxiety, frustration, and the expenditure of time and precious financial resources" (cleaned up)).

Nor is there any other "apparent or declared reason" that would defeat Zeevi's bid to amend. *See Foman*, 371 U.S. at 182. Zeevi filed this motion to amend (her first) only a few weeks after the Court's dismissal order. Because this case is still at an early stage and the amendments do not significantly expand it, the Court also sees no "undue prejudice" to the Department. *See id.* That is especially true because the Department will be able to brief any new argument against standing at a later juncture, if necessary. And, of course, this ruling on the motion to amend says nothing about the merits of Zeevi's claims. For now, the Court holds merely that the proposed amendments satisfy Rule 15.

* * *

For these reasons, it is hereby

**ORDERED** that Plaintiffs' [16] Motion to Amend is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file the Amended Complaint attached as Exhibit 1 to their Motion no later than August 28, 2026.

**SO ORDERED.**

Dated: August 21, 2026

TREVOR N. McFADDEN, U.S.D.J.